# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| STEPHANIE COOK | CASE NO. 6:19-CV-00478 |
| VERSUS | JUDGE SUMMERHAYS |
| AIR EVAC E M S INC | MAGISTRATE JUDGE HANNA |

## MEMORANDUM ORDER

Before the Court is the Motion to Stay Proceeding filed on behalf of Plaintiff, Stephanie Cook, in which Plaintiff seeks to stay these proceedings. (Rec. Doc. 10). Defendant, Air Evac EMS, Inc., opposes the Motion (Rec. Doc. 14). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is DENIED.

## Factual Background

Plaintiff filed this suit following the death of her minor child after suffering a drowning event and being transported by MedExpress Ambulance Service, Inc. to the hospital. Prior to suit, Plaintiff initiated Medical Review Panel proceedings against MedExpress, a Louisiana defendant, pursuant to Louisiana's Medical Malpractice Act. Later, she amended the suit to name Air Evac, which Plaintiff alleges contributed to her child's death when its employee delayed the MedExpress ambulance from going into the ambulance bay at the hospital. (Rec. Doc. 1-5). Air Evac removed the suit to this Court. (Rec. Doc. 1). Plaintiff then filed the instant

Motion to Stay on the grounds that her claims against MedExpress are currently proceeding before the Medical Review Panel, while her claims against Air Evac, which is not a health care provider subject to the Medical Malpractice Act, are pending in this Court. Plaintiff sought to stay the instant proceedings against Air Evac pending the Medical Review Panel's determination on her malpractice claim against MedExpress.

The matter came for hearing on August 8, 2019. Plaintiff's counsel advised at that time that this matter may be best resolved by allowing the parties to proceed with discovery, especially in light of the upcoming deposition of the Air Evac employee, which will shed light on the liability issues pertinent in both proceedings.

## **Applicable Law**

A district court has broad discretion to stay proceedings and to control its docket in order to promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court's authority includes the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982). Notwithstanding such broad discretion, a stay must not be "immoderate or of an indefinite duration." *Id*. The moving party must show a clear case of hardship or inequity in being required to proceed if there is even a fair possibility that the stay would harm another party. *Landis*, 299 U.S. at 255.

However, such considerations "are counsels of moderation rather than limitations upon power." *Id.*

The Louisiana Medical Malpractice Act states that "[n]o action against a health care provider ... or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section." La. R.S. 40:1299.47(B)(1)(a)(i). See also *Flagg v. Stryker Corp.*, 819 F.3d 132, 137-38 (5th Cir.2016). Thus, a plaintiff who files suit against a diverse defendant which does not qualify as a health care provider for purposes of medical malpractice and who also seeks to assert claims against a health care provider for claims arising from the same events is precluded from naming the health care provider as a defendant until after the medical review panel has issued its expert opinion.

In these circumstances, a plaintiff may file a motion to stay to avoid having to proceed against the diverse non-health care provider while the decision of the medical review panel vis-à-vis the health care provider is pending. Although the courts which have considered the issue often reach different outcomes, the conclusions appear to be driven by the individual facts and procedural postures of each case. See *Chiasson v. B. Braun Med. Inc.*, No. 6:16-CV-01337, 2017 WL 456009, at *3 (W.D. La. Feb. 1, 2017) (This Court denying the plaintiff's motion to stay because of the differing nature of the claims against the health care provider and

the device manufacturer, as well as the defendant's right to have a determination on its pending motion for summary judgment.); *Bugay v. McCain*, No. CIV. A. 08-1690, 2008 WL 2782869, at *2 (E.D. La. July 15, 2008) (denying motion to stay in a suit against a medical device manufacturer, because a stay would prejudice the efforts of defendants to preserve evidence, gather information, and seek summary dismissal of the claims asserted against it); *Audrisch v. Ethicon, Inc.*, No. 02-0243-M, 2002 WL 32151749, at *2 (W.D. La. Apr. 11, 2002) (denying motion to stay because defendant would be prevented from seeking summary disposition of the suit and saving the expense of further litigation, as well as concerns regarding loss of evidence due to loss of memory, death, or otherwise); *Lillie v. Wyeth-Ayerst Labs*., No. CIV. A. 94-1744, 1994 WL 532091, at *2 (E.D. La. Sept. 26, 1994) (denying motion to stay because the claims against the health care provider were grounded in negligence and the claims against the medical device manufacturer were grounded in products liability, and also because any discovery could be used in state court if the matter were remanded). Compare, *Sousa ex rel. v. Prosser,* No. 03-2942, 2004 WL 1497764, at *4-5 (E.D. La. July 1, 2004) (granting motion to stay, relying upon the "interrelated nature of the claims" against several doctors, to avoid piecemeal resolution, ensure consistent results, and promote judicial economy by having matters litigated only once); *Harris v. Breaker,* No. 06-1678, 2007 WL 1296349, at *2 (W.D. La. Apr. 13, 2007) (granting motion to stay in a case of medical mis-

diagnosis because plaintiffs would likely need to depose at least some of the physicians or medical providers named in the medical review proceeding, and such discovery, while the panel review process was still proceeding, "would be cumbersome at best, and prejudicial to them at worst."); *Abrams v. Ochsner Clinic Found.,* No. CV 17-1755-SDD-EWD, 2018 WL 2746046, at *4 (M.D. La. June 7, 2018) (granting motion to stay based on overlapping nature of plaintiff's claims against hospital and medical providers for inadequate emergency transport and treatment).

The Court finds that this case should be allowed to proceed, despite the pending medical review panel. The parties confirmed that discovery conducted in the panel proceedings can be used equally in these proceedings. Once the parties have a better understanding of the liability issues after having deposed the Air Evac employee in the coming months, Plaintiff may re-urge the Motion to Stay if deemed necessary.

## **Conclusion**

For the reasons discussed herein, Plaintiff's Motion to Stay is DENIED.

THUS DONE in Chambers, Lafayette, Louisiana on this 8th day of August, 2019.

                                                               _____
                                                               PATRICK J. HANNA
                                                                UNITED STATES MAGISTRATE JUDGE