UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **STEPHANIE COOK** | **CASE NO. 6:19-CV-00478** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **AIR EVAC EMS, INC.** | **MAGISTRATE JUDGE HANNA** |

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment filed by Defendant Air Evac EMS, Inc. ("Air Evac"). [ECF No. 33]. Pursuant to its motion, Air Evac seeks dismissal of all claims brought against it by Plaintiff Stephanie Cook. Plaintiff did not file a response to the motion, and the motion is therefore deemed unopposed.[1] For the reasons that follow, the motion is GRANTED.

According to the Complaint filed in this matter, on October 1, 2016, John Jumonville found his seven-year-old son unresponsive and without a pulse in a bathtub in his home. [ECF No. 1-5 at 2]. The minor's stepmother began CPR and called 911. Employees of MedExpress Ambulance Service, Inc. ("MedExpress") arrived at the scene, attempted to intubate the child, and transported him to Opelousas General Hospital. Plaintiff alleges that when the ambulance arrived at the hospital, an employee of Air Evac stopped the ambulance before it reached the ambulance bay, boarded the ambulance, and then prevented the employees of MedExpress from continuing to the ambulance bay. Plaintiff alleges that due to the delay caused by Air Evac, her son did not receive timely emergency medical treatment, which ultimately caused his death. *Id.* at 3. She asserts Air Evac's actions fell below the applicable standard of care by blocking the ambulance from the bay,

---

[1] *See* ECF No. 34; LR 7.5.

failing to follow proper transport protocol, failing to follow proper hospital transfer protocol, and failing to properly train its employees and staff. *Id.*

Air Evac now seeks dismissal of Plaintiff's suit, arguing that because Plaintiff has no expert medical testimony to support her allegations that Air Evac breached the standard of care, she cannot meet her burden of proof at trial. [ECF No. 33-1 at 14]. "[W]here the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994). To establish a claim for medical malpractice, "a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury." *Samaha v. Rau*, 977 So. 2d 880, 883–84 (La. 2/26/08). Under Louisiana law, "expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *Schultz v. Guoth*, 57 So. 3d 1002, 1007 (La. 1/19/11).

Here, Air Evac has carried its initial burden of pointing to an absence of evidence in support of Plaintiff's claim – specifically, that plaintiff has no expert testimony establishing the applicable standard of care and that the standard of care was breached. The negligence alleged here is not so obvious that a lay person could infer negligence absent expert testimony. Plaintiff however has failed to meet her burden by pointing to competent summary judgment proof showing there exists an issue of material fact warranting trial. Accordingly, the motion, appearing to be well-founded

in law and fact and being unopposed by Plaintiff, is hereby GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

THUS DONE in Chambers on this 9th day of March, 2021.

_____
**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**